Dear Mr. De Lee:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. Specifically, you ask whether it would be permissible for you to accept a full-time teaching position with the Louisiana Technical College on the Folkes Campus in Jackson, Louisiana while holding your current position as a Justice of the Peace of East Feliciana Parish without violating a dual officeholding provision.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. Within these statutes, are enumerated prohibited combinations of certain positions and offices. However, also enumerated herein are exemptions to certain positions and offices within the context of dual officeholding. Tantamount to your inquiry is the "educator exception." This exception is found at LA R.S.42:66 (B), and it states:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school from holding at the same time an elective or appointive office.
Therefore, this "educator exception" is applicable to those individuals who hold an elective or appointive office, and are employed in a professional educational capacity. Since the office of Justice of the Peace of East Feliciana Parish is an elective office, there is no conflict with the dual office holding provisions as long as your position at the Louisiana Technical College is in a professional educational capacity.
This office has defined "professional educational capacity" to include: duties that affect the curriculum taught at the university or college, duties that require participation in the delivery of educational programs at the institution, and duties that require the planning of long and short range educational goals for the students. See Opinion Nos. 94-393, 95-113, 97-304, 98-82, and 00-63, attached hereto. Therefore, a position with the educational institution must be one in which the educator actually teaches or otherwise has some direct impact on the curriculum or educational programs at the institution. Thus, if the teaching position you have accepted at the Louisiana Technical College falls within this definition, under the language of LA R.S. 42:66 (B), your employment as an educator will be exempted from consideration of a potential dual officeholding violation.
However, because Justices of the Peace are governed by the Code of Judicial Conduct, we suggest you consult the Judiciary Commission of the Louisiana Supreme Court for an advisory ruling, at 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112. We enclose Attorney General Opinion 96-356, and direct your attention to the advisory rulings from the Judiciary Commission that are attached.
Therefore, it is the opinion of this office that you may maintain your elected position as a Justice of the Peace of East Feliciana Parish and teach at the Louisiana Technical College in Jackson, Louisiana without violating any dual officeholding provisions.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _______________________________ ANN EVANS WALL Assistant Attorney General
RPI/AEW;dsc
Enclosures
OPINION NUMBER 94-393
AUGUST 17, 1994
78 OFFICERS — Dual — Officeholding LSA-R.S. 42:63(C); LSA-R.S. 42:66(B)
Under the Dual Officeholding and Dual Employment Law, a person may hold the office of state legislator while holding employment as Vice President of Administrative Affairs with Delgado Community College.
Honorable Joseph F. Toomy Representative P.O. Box 163 Gretna, LA 70054
Dear Representative Toomy,
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
You ask whether the Dual-Officeholding and Dual-Employment statutory provisions governing the simultaneous holding of certain positions would permit you to hold your position as legislator while holding employment as Vice-President of Administrative Affairs with Delgado Community College. We conclude that an exemption within these provisions is applicable to your situation and that it is permissible for your to hold both positions concurrently.
Under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S.42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
If your position as Vice President of Administrative Affairs is considered employment in a professional educational capacity, then you may also hold the position of state legislator. Your job description provides information pertinent to our conclusion and requires you to perform the following functions:
 1. Serve on the President's Executive Council for planning long and short range educational goals for the college and coordination of all college operations and services.
 2. Maintain effective delivery of all administrative services related to the operations of the college.
 3. Assure compliance with rules and regulations of external educational and governmental agencies and laws affecting administration of the college.
 4. Determine academic and student services needs to develop and revise long-range planning of the college and its campuses.
 5. Coordinate development of college facilities to meet faculty and student needs.
 6. Direct all renovations, additions, and refurbishment of physical plant and facilities. Represent the college before city and state agencies and coordinate contract work on all campuses.
 7. Develop with faculty and staff all capital outlay needs of the college, prioritize and formulate annual Capital Outlay Request. Determine programming needs of projects and represent college in approval process.
 8. Coordinate implementation of software and installation of hardware necessary for on-line academic and administrative record keeping, and reporting systems.
 9. Provide for academic and administrative telecommunications needs of the college.
 10. Coordinate with State Property Control the accounting for new and existing movable property, and disposition of surplus items.
 11. Develop and monitor operating budgets for administrative affairs units.
 12. Provide for staff development, supervision and evaluation of personnel.
 13. Serve on the college's Planning, Environmental Quality, and Safety Committees, and other committees as assigned by the President.
 14. Prepare reports as required by the President, the governing board and other agencies.
 15. Assume other duties and responsibilities and represent the college as requested by the President.
We conclude that you are employed in a professional educational capacity with Delgado Community College. Of primary importance to our conclusion is the fact that you serve on the President's Executive Council for planning the long and short range educational goals for the students of the college.
Based on these facts, we determine that you may continue to hold your position as state legislator while employed as the Vice President of Administrative Affairs with Delgado Community College.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 95-113
MARCH 20, 1995
78 OFFICERS — Dual Officeholding LSA-R.S. 42:61 et seq.; LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); LSA-R.S. 42:62 (6); LSA-R.S. 42:63; LSA-R.S. 42:63 (D); LSA-R.S. 42:66(B)
Under the Dual Officeholding and Dual Employment Law, the Director of Special Services in the Operation and Maintenance of Physical Facilities may not also hold elective office as Monroe City Councilman.
Mr. Charles L. Hamaker Monroe City Attorney P.O. Box 123 Monroe, LA 71210-0123
Dear Mr. Hamaker:
In your correspondence of recent date you inquire whether a member of the Monroe City Council may legally continue to hold full-time employment with Northeast Louisiana University.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., govern our response. The position of Monroe City Council member is a local elective office, while employment with Northeast Louisiana University constitutes employment in the government of this state. See LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); and LSA-R.S.42:62(6).
LSA-R.S. 42:63, providing the prohibitions against the concurrent holding of certain offices and employments, prohibits the simultaneous holding of the positions in question. LSA-R.S. 42:63 (D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
The law provides for an exemption in LSA-R.S. 42:66(B), stating:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Pursuant to this exemption, if the position of the Director of Special Services in the Operation and Maintenance of Physical Facilities for the Special Services Department under the Business Division of the University is considered employment in a "professional educational capacity", then the simultaneous holding of an elective office would not be prohibited.
The job description for the position with the University is as follows:
 This professional supervisory position within the Division of Business Affairs is responsible for all athletic, intramural, and recreational grounds maintenance and operations. Reporting to the Vice President of Business Affairs, and as delegated to the Director of Physical Plant, this Budget Unit Head is responsible for meeting intercollegiate competition field requirements in football, baseball, softball, and track and field. This position also manages personnel meeting [sic] selected athletic facility maintenance responsibilities. Administrative responsibilities include staffing, budgeting, records, managing the Summer Work Program, and generating reports for facilities operations.
From a review of the job description quoted above, the individual holding the University position is not required to teach, to affect the curriculum taught at the University, nor is he required to directly participate in the delivery of educational programs at the University. This office has previously found the presence of these factors to be indicative of an individual performing in a "professional educational capacity." See Attorney General Opinions 94-278 and 93-625, copies of which are enclosed.
Because these factors are absent, it is the opinion of this office that the Director of Special Services at the University is not employed in a "professional educational capacity". Thus, LSA-R.S. 42:63(D) precludes him from simultaneously holding the elective office of Monroe City Councilman.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL KLK:ams
OPINION NUMBER 94-278
JULY 2, 1994
78 — OFFICERS — Dual Office Holding LSA-R.S. 42:63D. LSA-R.S. 42:66B. LSA-R.S. 42:61 et seq.
The Director of Business Services at the University of Southwestern Louisiana is now employed in a professional education capacity for purposes of LSA-R.S. 42:66B and, thus, the director is prohibited LSA-R.S. 42:63D, from concurrently holding the position of Alderman for the Village Maurice, Louisiana.
Mr. Calvin E. Woodruff, Jr. Cooper Woodruff Post Office Box 1213 Abbeville, Louisiana 70511-1213
Dear Mr. Woodruff:
Your request for an opinion of the Attorney General on behalf of Mr. Wayne Theriot, Alderman for the Village of Maurice, Louisiana, has been received by this office and assigned to me for disposition.
As indicated in your letter of request, Mr. Theriot is an elected official of the Village of Maurice serving as an Alderman. Mr. Theriot is also employed on a full-time basis with the University of Southwestern Louisiana as Director of Business Services. You therefore ask whether the holding of these two positions concurrently violates the Louisiana Dual Officeholding Law, LSA-R.S. 42:61 et seq.
According to LSA-R.S. 42:63D., the holding of an elective office in a political subdivision of this state while holding employment with the state government is prohibited. Thus, employment with the University of Southwestern Louisiana while holding the office of Alderman of the Village of Maurice violates the Dual Officeholding Law.
LSA-R.S. 42:66B. however, provides for exemptions from the prohibitions found in the Dual Officeholding Law. Specifically, LSA-R.S. 42:66B. provides:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Thus, if the exemption for employment in a professional educational capacity applies to Mr. Theriot's employment as the Director of Business Services, the prohibition found in LSA-R.S. 42:63D. will not prohibit the concurrent holding of the two positions at issue.
The language "professional educational capacity" is not defined under the Dual Officeholding Law and the meaning of this provision is not clear from the statutory language itself. Thus, the legislative intent behind the enactment of this statute must be determined by going beyond this specific language by construing the language in the contest of the statute as a whole. Gautreau v. Board of Elec. Examiners of City of Baton Rouge,167 So.2d 425 (La.App. 1964). In addition, the statute must be construed so as to accomplish the purpose for which it was enacted and to give effect to legislative will. Respondent Co. v. Krauss Co., 9 So.2d 303,200 La. 959 (La. 1942).
The exemption found in LSA-R.S. 42:66B. is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of LSA-R.S. 42:66B.
The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and related matters. These functions involve the University's finances and are crucial to its survival, however, they do not involve the educational process.
Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S.42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
I hope that this has sufficiently addressed your questions. If you require any further information, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ GINA M. PULEIO Assistant Attorney General
RPI/GMP:pb/2136o
OPINION NUMBER 93-625
November 19, 1993
LSA-R.S. 42:61 et seq. LSA-R.S. 42:63
LSA-R.S. 42:63D
Under the Dual Office Holding Law, the Assistant Housing Director at Grambling State University may not also hold elective office on Monroe's City Council.
Dear Mr. Lundy:
You have requested the opinion of this office concerning LSA-R.S. 42:61et seq., the Louisiana Dual Office Holding Law. Your opinion request poses the following query:
 May a person employed in an unclassified position at Grambling State University as Assistant Director of Housing also concurrently serve as an elected member of the Monroe City Council?
The policy behind the Dual Office Holding Law is the promotion and maintenance of the citizenry's confidence in public officials and employees of this state and in governmental decisions. The Dual Office Holding Law aims to achieve the goals of this policy by defining, regulating, and prohibiting dual office holding. LSA-R.S. 42:61.
Under LSA-R.S. 42:63 certain persons holding elective or appointive office or employment in this state are prohibited from also holding another position in state or local government. LSA-R.S. 42:63 D. provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office. (Emphasis added)
According to your query, the two positions at issue are: one, membership on Monroe's City Council and, two, employment at Grambling State University as Assistant Housing Director. The position of Assistant Housing Director at Grambling State University is considered "employment in the government of this state" while membership on Monroe's City Council is considered to be holding of an "elective office in a political subdivision of this state". From a reading of the plain language of this statute, it would seem that the holding of these two positions concurrently would be prohibited by law.
LSA-R.S. 42:66B., however, provides the following exemption to the general duel office holding prohibitions, it reads:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added)
Under this statutory provision, if the position of Assistant Housing Director is considered employment in a"professional educational capacity," then the concurrent holding of an elective office with this position would not be prohibited.
According to information supplied to this office along with your opinion request, the position of Assistant Director of Housing at Grambling State University has the following job responsibilities:
 — assisting the Director of Housing with every departmental project, assists the area Coordinator with problems;
 — assists the Director of Housing in ordering supplies;
— represents the Director at various meetings;
— attends various workshops;
 — assists with making all initial room assignments and maintaining records concerning residence hall occupancy;
 — assists with physical upkeep of the residence halls;
 — assists with establishing rules and regulations governing students living in the residence halls; and
 — performs other duties as assigned by the Director.
It is further pertinent to note that the qualifications for this position require a minimum of a bachelor's degree in the area of administration, counseling, or related fields, or a minimum of five years experience in higher education. The Assistant Housing Director is not required to teach, to affect the curriculum taught at the University, or to directly participate in the delivery of educational programs at the University. Based upon these facts, it is the opinion of this office that the position of Assistant Housing Director at Grambling State University is not employment in a professional educational capacity. Therefore, the Assistant Housing Director may not also hold the elective office of membership on the Monroe City Council without violating the provisions of LSA-R.S. 42:63.
I hope that this adequately addresses your question. If you require further assistance, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ GINA M. PULEIO Staff Attorney
RPI/GMP/1879o
OPINION NUMBER 97-304
August 12, 1997
78 DUAL OFFICEHOLDING LSA-R.S. 42:63; LSA-R.S. 42:63 (D); LSA-R.S. 42:66 (B)
With respect to dual officeholding, this office has interpreted "professional educational capacity" to require the individual to engage in those activities which relate to or directly affect the curriculum or educational program at a college or university.
Mr. Randall J. Webb President Northwestern State University Natchitoches, Louisiana 71497
Dear Mr. Webb,
This office is in receipt of your opinion request to examine the legality of the simultaneous holding of the positions of the Vice President of University Affairs for Northwestern State University and the local elective office of Natchitoches City Councilman, in the instance that the person holding both of these positions would not be required to teach an academic class per school year.
LSA-R.S. 42:63 provides the prohibitions against the concurrent holding of certain offices and employment, specifically, LSA-R.S.42:63 (D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
LSA-R.S. 42:63 (D) prohibits the holding of local elective office (i.e. the position of Councilman) and employment in the government of the state (i.e. employment with the University).
However, the law provides for an exemption to the above prohibition in LSA-R.S. 42:66 (B), which states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In Attorney General Opinion 97-131, we addressed this same matter and concluded that the Vice President of University Affairs for Northwestern State University fell squarely in the category of someone employed in a "professional educational capacity" because his position required him to teach an academic class per school year. In the absence of a requirement to teach a class per school year, we look to certain factors in an individual's job description in order to determine whether the individual is employed in a "professional educational capacity". The job description that you have provided contains information pertinent to our conclusion and requires the Vice President of University Affairs to perform the following functions:
 1. Serve as a key administrator in the planning, operation, and management of the University.
 2. Oversight responsibility for the construction, maintenance, and upkeep of all university facilities and grounds.
 3. Participating in all official Northwestern State University functions.
4. Maintaining required office hours.
 5. Maintaining a collegial relationship with peer and colleagues throughout the University. As an administrator, this includes working with professors and department heads to arbitrate disputes and/or reach a consensus.
It has been the opinion of this office that factors which are indicative of an individual performing in a "professional educational capacity" include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs at the University, and duties which require the planning of long and short range educational goals for the students of the University. See Attorney General Opinions 94-393, 95-113. The common element shared by these factors is each is related to or directly affects the curriculum or educational programs offered by the University. The job description which you provided us does not reflect any involvement or impact on the curriculum of the University. The responsibilities of the position of Vice President for University Affairs, absent a requirement to teach a course per session, appear to be as an administrator of the University, rather than an educator or one who would affect curriculum policy.
Based upon these facts, it is the opinion of this office that the Vice-President of University Affairs would not be performing in a "professional educational capacity" absent a requirement that he teach a course per session, and as such, would not fall under the dual officeholding exemption of LSA-R.S. 42:66 (B).
Should you have any further questions concerning this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 98-82
MARCH 23, 1998
78 Dual Office Holding LSA-R.S. 42:63(D) LSA-R.S. 42:66(B) LSA-R.S. 42:61, et seq.
The assistant vice president for Business Services with the University of Southwestern Louisiana is not employed in a professional educational capacity for the purposes of the exception provided in LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63(D) from concurrently holding the position of Alderman with the Village of Maurice.
Mr. Wayne Theriot Assistant Vice President for Business Services P.O. Box 40400 Lafayette, LA 70504-0400
Dear Mr. Theriot:
You have requested the opinion of this office with regard to your concurrently holding the position of Alderman for the Village of Maurice, Louisiana, as well as employment as Assistant Vice President for Business Services with the University of Southwestern Louisiana (hereinafter referred to as "USL"). You indicated, in your letter of request, that you are an elected official of the Village of Maurice serving as Alderman. You are also employed on a full-time basis with USL.
According to LSA-R.S. 42:63(D), the holding of an elective office in a political subdivision of this state while holding employment with state government is prohibited. Thus, employment as assistant vice president for Business Services with USL, while holding the office of alderman of the Village of Maurice, violates the Dual Officeholding Law. Various exemptions are provided, however, under the provisions of LSA-R.S.42:66(B). Specifically, LSA-R.S. 42:66(B), provides in pertinent part:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
If the exemption for employment in a professional educational capacity applies to your employment with USL, the prohibition found in LSA-R.S.42:63(D), would not prohibit your holding the two positions at issue.
From a review of your job description, attached to your request, it is our conclusion that you do not hold employment in a professional education capacity. You are not required to teach, to affect the curriculum taught at the University, nor do your duties require you to directly participate in the delivery of educational programs at USL.
It has been the opinion of this office, that factors which are indicative of an individual performing in a "professional education capacity", include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs, and duties which require the planning of long and short range educational goals for students. See Attorney General Opinion Nos. 94-393, 95-113 and 97-304.
The common element shared by these factors, is that each is related to or directly affecting the curriculum or educational programs offered by the school. The job description which you provided does not reflect any involvement or impact on the curriculum at the University. The responsibilities of the position of vice president of Business Services for USL, while indeed necessary for the operation and performance of the University, do not appear to fall within the exemption.
Based on these facts, it is the opinion of this office that the Assistant Vice President for Business Services with the University of Southwestern Louisiana, is not employed in the professional educational capacity for purposes of the exemption provided in LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63(D) from concurrently holding such employment and the position of Alderman for the Village of Maurice.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
OPINION NUMBER 00-63
March 20, 2000
78 — Officers — Dual Officeholding LSA-R.S. 42:63 (D); LSA-R.S. 42:66 (B)
A person serving on the Tangipahoa Parish School Board may also serve as director of the Louisiana Technical College-Hammond Area Campus as the latter position falls under the exemption for those persons employed in a professional educational capacity provided in LSA-R.S. 42:66 (B).
Honorable Henry "Tank" Powell Representative, House District 73 423 South Ninth Street Ponchatoula, Louisiana 70454